**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CAITLIN N. HUGHART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No3:26-cv-168** |
| | ) | |
| **BRENDAN KELLY, in his official capacity as Director of the Illinois State Police** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Comes now Plaintiff Caitlin N Hughart, by and through her attorney, and for her cause of action, states as follows:

**COUNT I**

1. At all times relevant, Plaintiff Caitlyn N. Hughart, is a citizen and resident of Edwardsville, Madison County, Illinois.
2. At all times relevant Defendant Brendan Kelly is a citizen and resident of St. Clair County, Illinois.
3. Defendant Kelly is Director of the Illinois State Police and is sued in his official capacity only.
4. That Plaintiff, who is over 21 years of age, desires to purchase and possess a Glock 43X Pistol, for lawful self defense purposes.
5. That in Illinois, in most circumstances, and in those applicable to Plaintiff, in order to lawfully possess a firearm one must have been issued a FOID card by the Illinois State Police.

6. Plaintiff, being a law abiding citizen, applied for a FOID card, paid the requisite fee, and expected approval of same.

7. Instead, Defendant, allegedly pursuant to 430 ILCS 65/8, had her application for a FOID card denied, on February 6, 2026, due to the fact that in 2013, when Plaintiff was 11 (eleven) years old, ran away from home, due to perceived family problems, and, at eleven, checked herself into a facility for less than 3 days, before leaving and going home.

8. That in the 13 years since, Plaintiff has not been in any mental health facility, not been under the care of a psychiatrist, not committed any felonies or misdemeanors and has no criminal charges pending against her.

9. While the denial is based on purported Illinois law, the same Illinois law actually probits persons under 16 years of age from checking themselves into mental health facilities. 405 ILCS 5/3-502.

10. Regardless, whether actual law, or mere policy and practice, Defendant, under color of law, will disapprove, deny and /or revoke FOID cards to persons, like Plaintiff, who purportedly sought mental health care treatment, as a minor child, even if minimal, for anyone were was a "patient" "in a mental health care facility", even if voluntary, even if the person lacked capacity to consent to same due to minor age, and even if same was and was rapidly determined to be unnecessary.

11. That Plaintiff is not "dangerous" and is, for all intents and purposes, and ordinary U.S. Citizen.

12. Just as *Bruen* made clear that the Second Amendment prohibited the requirement to show a "special need' for a firearm, the Second Amendment does not require that the Plaintiff

show particular fitness to possess a firearm, as she is an adult, U.S. citizen, with no criminal record, and has never been adjudicated as being mentally defective, or found by any court to be dangerous to anyone.

13. Plaintiff has a constitutional right, under the Second and 14th Amendments, to keep and bear arms, and as such, to be issued a FOID card.
14. That there is no analogous historical practice to denying the right to keep and bear arms, based on the non-violent conduct of an eleven year old child, 13 years after the fact, who has never been adjudicated as having any mental defect.
15. As such, the denial of Plaintiff a FOID card, and by extension, her right to purchase and possess a handgun, preferably a Glock 43X,, violates Plaintiff's Second and 14th Amendment rights.
16. This action is brought under 42 USC 1983.
17. Venue is proper as Plaintiff and Defendant reside in this district, and Plaintiff is being denied her rights in this district.

Wherefore, Plaintiff Humbly requests that this Honorable Court (1) declare 430 ILCS 65/8(u) unconstitutional on its face or alternatively, as applied to persons, like Plaintiff, who are over 21 years of age, were admitted into a mental health facility for 4 days or less, and were 12 years old or younger at the time, and have not been adjudicated by a court as being mentally defective or otherwise dangerous, plus an injunction against Defendant from denying an application for a FOID card, or invalidating an existing FOID card, based on 420 ILCS 65/8(u), either facially or as applied, plus costs and attorney fees under 42 USC 1988.

**COUNT II**

1. At all times relevant, Plaintiff Caitlyn N. Hughart, is a citizen and resident of Edwardsville, Madison County, Illinois.
2. At all times relevant Defendant Brendan Kelly is a citizen and resident of St. Clair County, Illinois.
3. Defendant Kelly is Director of the Illinois State Police and is sued in his official capacity only.
4. That Plaintiff, who is over 21 years of age, desires to purchase and possess a Glock 43X Pistol, for lawful self defense purposes.
5. That assuming that Plaintiff is successful in Count I, she intends to purchase a firearm in Illinois.
6. That under Illinois law, there is a 72 hour waiting period prior to being allowed to take possession of *any* firearm, from the time an agreement is made to buy the firearm, and it is a crime to not observe said waiting period.
7. That by the time a firearm purchaser in Illinois has purchased a firearm, he, like Plaintiff, has usually waited multiple weeks or months to actually get the FOID card, to allow the purchase.
8. In addition, Illinois has a so called "instant" check system, which in most cases approves the transfer with single digit minutes.
9. That the right to keep and bear firearms includes the right to purchase or obtain them.
10. That there is no historical analogue to making a firearm purchaser wait 72 hours, from the time of purchase of a firearm, to being able to pick up same, especially when the purchaser has already waited weeks or months for the licensed to do so. In fact, The first

state waiting periods that were untethered to the time that it takes to pass a background check or complete a certification course did not appear until the 1990s. *Silvester v. Harris*, 41 F. Supp. 3d 927, 946-47 (E.D. Cal. 2014) (recounting history).

11. That the waiting period has nothing to do with background checks and thus is unconstitutional. See *Ortega v. Grisham*, 148 F. 4th 1134 - Court of Appeals, 10th Circuit 2025

WHEREFORE, it is requested that Defendant be enjoined from enforcing any "waiting period" to take possession of a firearm, as applied to a person who has been issued a FOID card and who as already passed the ISP administered FTIP background check, plus costs and attorney fees under 42 USC 1988.

Dated: 2-13-2026

Respectfully Submitted,
Caitlin N Hughart

s/Thomas G. Maag

Thomas G. Maag
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL 62095

618-216-5291
maaglawoffice@gmail.com